## WOLFE v OHIO MINING CO.

Ohio Appeals, 4th Dist, Athens Co.

No. 439. Decided Nov. 20, 1939.

O. G. Terry, Columbus, and Woolley & Rowland, Athens, for plaintiff.

Jones, Jones & Erskine, Athens, and H. C. Allread, Columbus, for defendant.

## OPINION

By BLOSSER, PJ.

This case grew out of an application for a death award filed by Julia Wolfe, widow of Henry Wolfe, an employee of the Ohio Mining Company, a self-insurer. Before his death Henry Wolfe filed an application for compensation about April 1, 1929, alleging that he received an injury on January 23, 1929, while working in the mine of the defendant. While this case was pending Henry Wolfe died December 18, 1934. Compensation was refused in this case on both the original hearing and also on rehearing. The evidence of Henry Wolfe, Dr. Baldwin and Dr. Von Scheele was taken before the Industrial Commission on rehearing of the cleam of Henry Wolfe. Dr. Baldwin's evidence was taken on May 5, 1933, and that of Dr. Von Scheele on February 27, 1933. After Henry Wolfe's death the widow, Julia Wolfe, filed a claim for death award which was denied on both the hearing and upon rehearing. Upon rehearing the claimant, Julia Wolfe, offered in evidence the testimony of her deceased husband taken upon the rehearing of his claim for compensation. The Ohio Mining Company at the rehearing also offered in evidence the testimony of Dr. Von Scheele, both of whom had died during the pendency of the claim and before the taking of the evidence on rehearing of the claim of Julia Wolfe. Proper objections and exceptions were taken to this evidence at the rehearing and also at the trial of the case on appeal in the Court of Common Pleas. Over objection this evidence of Henry Wolfe, Dr. Baldwin and Dr. Von Scheele was admitted by the trial court.

Julia Wolfe in her petition alleged among other things:

"* * * that as a direct and proximate result of the wound received by Henry Wolfe, deceased, in the course of his employment, that he suffered infection to his blood stream and as a direct and proximate result of said injury Henry Wolfe, deceased, suffered permanent damage to his heart which heart condition, on or about December 18, 1934, caused, hastened or accelerated Mr. Wolfe's death."

Henry Wolfe, while working in the mine of the defendant, the Ohio Mining Company, on January 23, 1929, received a cut or laceration on his right hand. His right hand and arm as a result of the laceration became infected and swollen. His arm was lanced and a drainage tube was inserted which remained for a considerable time for the purpose of draining off the pus and serum.

Julia Wolfe's claim was based upon a claimed connection between the infected arm and blood stream and his death. Dr. Biddle and Dr. LeFevre, called by the claimant, testified that Mr. Wolfe's injury to his hand and the infection which followed accelerated or caused his death.

Dr. Baldwin and Dr. Von Scheele, called by the Ohio Mining Company, while Henry Wolfe was still living and nearly two years before his death and in Mr. Wolfe's claim for compensation, gave evidence with reference to Wolfe's existing disability and as to whether the same was attributable to his injury. This evidence did not relate to the cause of his death. Dr. Baldwin and Dr. Von Scheele testified that Henry Wolfe at the time of his injury had a pre-existing condition of Bright's disease, which aggravated the injury to his hand and tended to cause or aggravate the infection of his arm and blood stream. The defendant, the Ohio Mining Company, had no other medical evidence except that of the two physicians referred to.

The case was tried to a jury which resulted in a verdict and judgment for the defendant, the Ohio Mining Company. The claimant, Julia Wolfe, has appealed to this court and asks for a reversal because of the charge of the court, the admission and rejection of evidence and asserts that the verdict is contrary to the weight of the evidence.

The court in its general charge among other things said:

"Did Henry Wolfe die by reason of an injury sustained on or about January 23, 1929, to his hand, which directly and proximately produced a generalized infection throughout his system? If you find in the affirmative on this question, then your verdict should be for the plaintiff, provided you further find that such generalized infection directly and proximately resulted in said decedent's heart to become damaged or diseased and that he died as the direct and proximate result of said heart damage or disease and provided you further find that he suffered a continuous disability by reason of the alleged injury to his hand, if you find that he received such injury, from the date of said injury to the date of his death."

It is asserted that this charge placed an undue burden on the claimant; that the plaintiff is not limited by the recitals of the petition but that the real inquiry is, did Wolfe's injury to his hand proximately and ultimately cause his death? The charge of the court referred to was not erroneous because it adopted the theory of the case made by the pleadings and alleged in the petition. The plaintiff made no request of the court to further charge the jury on any other issue. This was not reversible error as there was no request to amend the pleadings and no request to further charge. **39 O. Jur. 1006, Ely v Borch, 7 Oh Ap 49.**

The plaintiff asserts that the court erred in not charging as to what constitutes continuous disability under the workmen's compensation law. The court in the general charge required the plaintiff to prove:

"That as the direct and proximate result of such injury received by decedent, Henry Wolfe, on January 23, 1929, if you find he received such injury, the said Henry Wolfe suffered a continuous disability to his capacity to perform work or labor and earn wages from the time of said alleged injury up until the date of his death."

We think that this part of the general charge properly instructed the

jury as to continuous disability as contemplated by the Workmen's Compensation law, that the charge was sufficient and that there was no error in this respect.

As to the evidence of Henry Wolfe given at the rehearing of this case before the Industrial Commission and also the former evidence of Dr. Von Scheele and Dr. Baldwin given at the rehearing we think that the evidence was admissible at the trial on appeal of the claim of Julia Wolfe and that no error was committed by the trial court in its admission. The alleged disability of Henry Wolfe grew out of the injury to his hand which he received in the course of his employment in the mine, while in the case of Julia Wolfe for death award Wolfe's death grew out of the same injury, and the cases are so closely related that the rules of evidence applicable are governed by the principles decided in **Industrial Commission v Bartholomew, 128 Oh St 13**, and **Industrial Commission v Glick, 49 Oh Ap 415.**

The appellant contends that the evidence of Dr. Biddle and Dr. LeFevre to the effect that the injury to Wofe's hand and the infection caused or accelerated his death stands uncontradicted and that the verdict is against the weight of the evidence. It is true that the evidence of these two physicians is not directly contradicted. However, it is indirectly contradicted by the evidence of Dr. Baldwin and Dr. Von Scheele, which was properly admitted and which directely reflected on the disability of Henry Wolfe and therefore upon his death. Their evidence was to the effect that his Bright's disease was a large factor in his injury and incapacity. By the same process of reasoning his Bright's disease would be a factor in his death which followed his disability. The medical evidence on behalf of the defendant might have been further developed but we think it is sufficient to support the verdict. The case was one peculiarly for the jury and we do not feel justified in disturbing the verdict.

We find no reversible error and the judgment is affirmed.

Judgment affirmed.

GILLEN and McCURDY, JJ., concur.